NO. 95-370

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF
KATHRYN MEWHINNEY,
a/k/a KATHRYN IDE,

       Plaintiff and Respondent,

  and

THOMAS LEE IDE,

       Defendant and Appellant.

FILED

DEC 12 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John W. Larson, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Mark E. Jones, Attorney at Law, Missoula, Montana

      For Respondent:

      Dennis Lind; Datsopoulos, MacDonald & Lind,
Missoula, Montana


Submitted on Eriefs:   November 30, 1995

Decided:   December 12, 1995

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter and West Publishing Company.

Thomas Lee Ide appeals from the May 8, 1995 Findings of Fact, Conclusions of Law and Order of the Fourth Judicial District Court, Missoula County, implementing the settlement agreement reached by the parties. We affirm.

We consider the following issue on appeal:

Did the District Court err in determining that the settlement agreement executed by Thomas and Kathryn was a legally binding contract?

Thomas Lee Ide (Thomas) and Kathryn Mewhinney (Kathryn) began their relationship in 1982. Kathryn alleges that she and Thomas entered into a common law marriage. In September of 1994, Kathryn filed a petition for dissolution of marriage. In January of 1995, Kathryn and Thomas negotiated and executed a settlement agreement. On February 6, 1995, Thomas attempted to rescind and, later that same day, to reinstate the agreement. The agreement was signed by both parties. Shortly after the parties executed the agreement, Thomas asserted that no common law marriage existed between them and, thus, that no divisible marital estate existed and, therefore, that the settlement agreement was unenforceable.

Kathryn petitioned the District Court for an Order to Show

2

Cause why the settlement agreement should not be enforced. A hearing was held and, over Kathryn's objection, Thomas presented evidence that no common law marriage existed between the parties. At the hearing, Kathryn presented her evidence supporting the enforceability of the settlement agreement pursuant to her motion to show cause. The District Court concluded that the settlement agreement was a valid and enforceable contract. Thomas appeals from this determination.

In determining whether the District Court was correct in concluding that a valid and enforceable contract existed, we determine whether the district court's interpretation of the law is correct. Kreger v. Francis (Mont. 1995), 898 P.2d 672, 674, 52 St.Rep. 493, 494; Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603-04. At the time the agreement was executed, both Thomas and Kathryn were represented by counsel and the fact that Thomas made revisions to the agreement indicates that he had read the agreement. In re Marriage of Woodford (1992), 254 Mont. 501, 839 P.2d 574. The agreement signed by the parties stated that:

> The parties hereto have had a long term relationship with each other which they now intend to terminate. No formalization of any marriage ever occurred between the parties, however, the parties acknowledge that this relationship *may nonetheless have constituted a common law marriage* and acknowledge that their relationship is irretrievably broken with no opportunity for reconciliation. . . . Each of the parties hereto has entered into negotiation and preparation of this Agreement with full knowledge and understanding of its consequences, and there have been no arrangements, understandings or connivance of any kind or character between the parties for the purpose of obtaining the consent of the other to this Agreement, and both of the

3

parties are fully confident that this *Agreement has been made free from fraud or imposition, coercion or duress, and without* unfair *persuasion or domination of either of said parties* by the other or by any other person. [Emphasis added.1

Thus, the agreement recognizes that the question of whether a common law marriage existed was disputable. However, regardless of whether or not Thomas and Kathryn had a common law marriage, they entered into a valid, binding, and enforceable contract. On appeal, however, Thomas argues that the fact that he and Kathryn were not common law married allows him to disregard the agreement. His earlier statements in the recitals of the agreement undermine his position and show that the agreement was intended to be binding on the parties and to resolve all issues between the parties including the issue of whether there was a common law marriage.

The parties entered into a separation agreement, which, according to § 40-4-201, MCA, is a binding and enforceable contract. Property settlement agreements are considered contracts and, therefore, are to be construed according to the law of contracts. Marriage of Woodford, 839 P.2d at 576. Section 40-4-201, MCA, provides in relevant part:

(2) In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except those providing for the support, custody, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.

. . . .

(5) Terms of the agreement set forth in the decree

4

are enforceable by all remedies available for enforcement of a judgment, including contempt, and are enforceable as contract terms.

The District Court found that the agreement entered into by Thomas and Kathryn was a valid and enforceable contract and, as such, that Thomas was bound by its terms. We conclude that the District Court was correct in determining that the agreement was a valid and enforceable contract.

Further, Thomas argues that his mistake as to whether a common law marriage existed is grounds for him to rescind the agreement. We disagree. Generally, mistake of law is no excuse to set aside a contract. Section 28-2-410, MCA. Section 28-2-410, MCA, provides:

> Mistake of law constitutes a mistake, within the meaning of this part, only when it arises from:
>     (1) a misapprehension of the law by all parties, all supposing that they knew and understood it and all making substantially the same mistake as to the law; or
>     (2) a misapprehension of the law by one party of which the others are aware at the time of contracting but which they do not rectify.

While Thomas may later have questioned whether he and Kathryn had a common law marriage, he was aware of Kathryn's position and the recitals evidence his understanding. Additionally, Thomas asserts that he was under duress or coercion at the time he executed the agreement, however, we note that the recitals in the agreement state otherwise. Further, the language of the agreement itself states that "the relationship *may* nonetheless have constituted a common law marriage." The agreement, signed and executed by Thomas, states that it was reached "free from fraud or imposition, coercion, or duress." The District Court concluded that "the

5

Respondent [Thomas] has failed to present sufficient evidence to overcome the presumption that the written contract was for consideration." We have held that where the totality of the circumstances support the trial court's findings that there was no duress or coercion, this Court will not reverse the decision unless it is clearly erroneous. In re Marriage of Lawrence (1982), 197 Mont. 262, 270, 642 P.2d 1043, 1047.

Here, the District Court found that the agreement was a signed writing, enforceable as a contract, and that in seeking to invalidate the contract Thomas did not meet his burden to show a lack of consideration. We find that the District Court correctly interpreted the law in finding that a valid and enforceable contract existed between the parties. Accordingly, we affirm the judgment of the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices